953 F.2d 688
 293 U.S.App.D.C. 292
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Frantz A. MASSILLON, Appellant.
 No. 91-3085.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 5, 1992.
 
 Before MIKVA, Chief Judge, and RUTH BADER GINSBURG and RANDOLPH, Circuit Judges.
 
 JUDGMENT
 PER CURIAM
 
 1
 This case was considered on the record from the District Court and on the briefs and oral arguments of counsel. The court is satisfied that appropriate disposition of the appeal does not warrant a published opinion. See D.C.Cir. Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that the appellant's conviction be affirmed. An officer has probable cause "when circumstances known to a police officer are such as to warrant a person of reasonable caution in the belief that the search would reveal incriminating evidence." United States v. Thornton, 733 F.2d 121, 127 (D.C.Cir.1984). In determining whether probable cause existed, the court must consider the totality of circumstances surrounding the search. Illinois v. Gates, 462 U.S. 213, 238 (1983). We are satisfied that, based on the factors relied on by the district court, the officers had probable cause to search the trunk of the car driven by Mr. Massillon. Appellant acknowledges that the presence of the cash and beeper on his person and the plastic baggies in plain view in the car may have given the police probable cause to conclude that he had formerly been involved in a drug transaction. If there was probable cause to believe that Mr. Massillon was formerly involved in a drug transaction, then there was also probable cause for the police to believe that they would find inventory for subsequent sales in the car's trunk.
 
 
 3
 Additionally, when the officers heard gunshots and saw the car driven by Mr. Massillon speed out of a nearby alley, they had probable cause to stop Mr. Massillon's car and search it for evidence of weapons used in the shooting. See Coleman v. United States, 420 F.2d 616, 621 (D.C.Cir.1969) ("element of flight in a vehicle from the scene of the crime may tip the scales in favor of probable cause"); see also United States v. White, 655 F.2d 1302, 1304 (D.C.Cir.1981) (appearance of criminal activity in high crime area can give probable cause to search). Any drugs discovered during a search for weapons would be the fruits of a legal search and, therefore, admissible against Mr. Massillon at trial. See United States v. Hare, 589 F.2d 1291 (6th Cir.1979) (authorities properly seized cocaine inadvertently discovered during legal search for firearms).
 
 
 4
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15(b)(2).